IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

DEMETRIUS LEE and ROBB WILSON
     *Plaintiffs*,

vs.

CASE NO. 7:20-cv-00020

CITY OF MIDLAND, TEXAS,
SETH HERMAN and KYLE SULLIVAN
     *Defendants*.

<u>Jury Requested</u>

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR CONSTITUTIONAL VIOLATIONS, RACIAL DISCRIMINATIONAND RETALIATION**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

     Plaintiffs, DEMETRIUS LEE, ("LEE") and ROBB WILSON ("WILSON") by and through the undersigned counsel, sues the Defendants, CITY OF MIDLAND, a Texas municipality, SETH HERMAN and KYLE SULLIVAN, and, for cause of action, states as follows:

## I.    <u>INTRODUCTION</u>

    1.    This is an action for declaratory and injunctive relief and damages alleging the Defendants discriminated against LEE and WILSON on the basis of race, and further unlawfully retaliated against LEE and WILSON when they reasonably opposed Defendants' discriminatory treatment. Additionally, this is a civil rights action for money damages arising under the Constitution of the United States, particularly the First, Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, and the laws of the State of Texas.

2.    On or about November 19, 2018, LEE filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging the defendant discriminated against him on the basis of race and further committed retaliatory conduct.

3.    On or about December 5, 2018, WILSON filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging the defendant discriminated against him on the basis of race and further committed retaliatory conduct. Because of the work share agreement between the Texas Commission on Human Rights ("TCHR") and the EEOC, Plaintiff's claims were dually filed with the TCHR.

4.    On October 7, 2019, the EEOC issued and a "Notice of Suit Rights" letter to LEE. (See attached Exhibit "A"). On October 4, 2019, the EEOC issued and mailed a "Notice of Suit Rights" letter to WILSON. (See attached Exhibit "B"). Due to a backlog, there was a delay in forwarding these letters to the Plaintiffs.

5.    LEE received the right to sue letter on or about October 28, 2019.  WILSON received his right to sue letter on October 28, 2019.

6.    The ninetieth day after receipt of that letter is January 26, 2020.

7.    This suit is filed within 90 days of receipt of EEOC's right-to-sue letter and is timely.

8.    LEE and WILSON have therefore exhausted all administrative procedure prerequisite to bringing this case to Court.

## II.    <u>DEMAND FOR JURY TRIAL</u>

9.    Plaintiffs respectfully demand a jury trial of all issues of fact in this case.

## III.    JURISDICTION AND VENUE

10.   This Court has jurisdiction over the case pursuant to 28 U.S.C. §1331, §1343, and §1367.

11.   This action is authorized and instituted pursuant to Title VII and rights secured by the Civil Rights Act of 1964, as amended in 42 U.S.C. §2000e et seq.; 42 U.S.C. §1983; the Fourteenth Amendment of the Constitution of the United States; the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, et. seq., and § 554.003, TEX. GOV'T CODE, among other laws.

12.   The venue of this action is properly placed in the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices alleged to be unlawful were committed in Midland County, Texas, within the jurisdiction of this Honorable Court.

## IV.    PARTIES

13.   LEE and WILSON are both African American and are members of a class of persons protected from discrimination in their employment under Title VII and rights secured by the Civil Rights Act of 1964, as amended in 42 U.S.C. §2000e et seq.; 42 U.S.C. §1983; the Fourteenth Amendment of the Constitution of the United States; and the Texas Commission on Human Rights Act.

14.    Defendant MIDLAND is a Texas municipality organized and existing under the laws of the State of Texas, in Midland County, Texas, and within the jurisdiction of this Court. Defendant Midland may be served with citation in this matter by serving its chief executive officer:

Amy Turner
City Secretary
CITY OF MIDLAND
300 N. Lorraine Street
Midland, Texas 79702

15.     Defendant SETH HERMAN is, and at all times material hereto was the chief of

police of MIDLAND POLICE DEPARTMENT. SETH HERMAN may be served with process

in this case at his office address:

SETH HERMAN
c/o MIDLAND POLICE DEPARTMENT
601 N. Lorraine St
Midland, TX 79701

16.     Defendant KYLE SULLIVAN is, and at all times material hereto was an

employee or representative of the MIDLAND POLICE DEPARTMENT. KYLE SULLIVAN

may be served with process in this case at his office address:

KYLE SULLIVAN
c/o MIDLAND POLICE DEPARTMENT
601 N. Lorraine St
Midland, TX 79701

17.     At all times material to this action, Defendant MIDLAND operated and exercised

control over, among other things, MIDLAND POLICE DEPARTMENT ("MPD"), in Midland

County, Texas.  At all times material to this action, Defendant MIDLAND was an "employer"

within the meaning of Section 42 U.S.C. §§1983 and 2000e.

18.     At all times material to this action, LEE and WILSON were "employees" within

the meaning of 42 U.S.C. §§1983 and 2000e.

19.     At all times material to this action, Defendant, MIDLAND, employed more than

fifteen employees and MIDLAND was Plaintiff's employer within the meaning of Title VII, as

amended, 42 U.S.C. §2000(a) to (b).

20.     At all times material to this action, Defendant MIDLAND exercised power and control, and was the final policy maker with respect to the policies, practices and procedures maintained by the MPD, including those that are the subject of this Complaint.

21.     At all times material to this action, WILSON and LEE were employed by MIDLAND/MPD and the parties had a contractual relationship with each other.

22.     At all material to this action, WILSON was and continues to be qualified for the position held with the Defendant.

23.     WILSON is a resident of Tarrant County, Texas.  At all times material hereto, WILSON was a resident Midland County, and resided in said County during the time of his employment with the Defendant MPD, within the jurisdiction of this Honorable Court.

24.     LEE is a resident of Midland County, Texas. LEE resided in Midland County, Texas during the time of his employment with the Defendant MPD, within the jurisdiction of this Honorable Court.

25.     Defendant, MIDLAND/MPD, is and was responsible for the acts of its command staff, supervisors and officers, including HERMAN and SULLIVAN, who were acting within the scope of their employment, and under the color of law pursuant to a policy, custom and/or practice of race and/or religious discrimination, and violations of individuals' equal protection under the Fourteenth Amendment to the Constitution of the United States.

26.     At all times material to this action, until Defendant began harassing and retaliating against Plaintiffs, Plaintiffs' job performance was satisfactory or above satisfactory.

27.     MPD employed fewer than ten African American police officers at all times material hereto, LEE and WILSON were two of those officers.

28.     At all times relevant and material, Defendant MIDLAND/MPD acted under color of law.

## V.     FACTUAL ALLEGATIONS

29.     LEE had been employed at the City of Midland Police Department since August 13, 2007. In the intervening time, LEE rose through the ranks, serving as a Patrol Officer, a Field Training Officer in the Patrol Division, a Property Detective, and a Sergeant in the Traffic Division. Throughout his employment he earned positive reviews. That began to change, however, with the elevation of Seth Herman and Kyle Sullivan within the police ranks.   In March, 2018, Herman was elevated to Interim Chief, and began new efforts to discriminate against LEE and subject him to invidious treatment for prior complaints that LEE had filed against him.

30.     On or about April 11, 2018, upon information and belief of the Plaintiffs, DEFENDANT HERMAN directed DEFENDANT SULLIVAN to initiate an internal affairs complaint against LEE for running a driver's license check on an individual, regardless of the fact that LEE had a legitimate reason for doing so. Although it has been regular course of business for individuals within the MPD to run driver's license checks on individuals when they have a need to do so, or the subject has requested it, LEE was singled out for discipline on this matter, ostensibly at the direction of Herman.

31.     On April 12, 2018, LEE had a closed door conference with SULLIVAN, where they discussed the investigation, and LEE mentioned the name of another police officer, Detective Geo Mitchell, who had been causing problems for LEE. This information was related to SULLIVAN in confidence. On April 18, 2018, Officer WILSON reported to LEE that he had had a conversation with Mitchell about LEE. Mitchell warned WILSON to be "careful about the

company he keeps," and said that "the white man" told him (Mitchell) that LEE had (Mitchell's) name in his mouth.

32.    On May 5, 2018, Parking Enforcement Officer WILSON asked LEE to run his computerized criminal history(CCH). LEE initiated the check, obtaining a copy of the criminal history. On May 7, 2018, LEE was contacted by Sullivan to ask if he had run WILSON's CCH. LEE indicated affirmatively, but stated that it was within his authorization to do so since he had the subject's consent. Sullivan nevertheless deemed it a violation of general orders.

33.    On May 22, 2018, LEE reached out to his City Councilman, John B. Love, III, asking to discuss his situation with Councilman Love, and notifying him that he believe that he had been subjected to a hostile working environment on the basis of race. On May 29, 2018, Councilman Love asked to meet with LEE and the Mayor, which LEE agreed to do. LEE and WILSON both met with Love, the Mayor of the City of Midland, and City Prosecutors, and reported to them various items of illegal and questionable conduct that had been occurring in the City of Midland Police Department, including racial discrimination and disparate treatment of officers, unfounded internal affairs investigations, and acts of retaliation, amongst other things. Subsequent to that meeting, the internal affairs division began an investigation against LEE on pretextual charges, and disciplined him for alleged policy violations, including initiating criminal prosecution against him. He was suspended as a result of their investigation, and later resigned under duress, resulting from the hostile working environment.

34.    Beginning in April 2017, ROBB WILSON became employed at the City of Midland Police Department. Although he was qualified for a position as a police officer, WILSON was told that he would only be employed as a Parking Enforcement Officer in the Downtown Sector.  He was thus limited in his pay and opportunity for advancement, although

other individuals, with lesser qualifications, were hired by and advanced within the Midland Police Department. Wilson was also limited in his ability to qualify for and obtain outside employment. Nevertheless, although WILSON was limited in his employment to a Parking Enforcement Officer, he was regularly instructed to perform duties commensurate with a Police Officer, and for which Parking Control Officers were not to be used.

35.     On multiple occasions, WILSON was disciplined for violation of General Orders, although he had never received a copy of the General Orders, and had never been trained on them. WILSON was further instructed to respond to assist traffic control, to work accidents, and to respond to fatality accidents, even though WILSON did not have the proper training, and, as a Parking Enforcement Officer, was neither paid nor properly equipped to do the work which he was instructed to do, but Defendants nevertheless instructed him to do that work, knowing that he was paid and trained far less than his counterparts were, and far less than he should have been, for doing the job which they expected to do. Defendants intentionally undertrained and underpaid WILSON in an effort to exploit his minority and protected status.

36.     When WILSON cooperated with LEE in attending the meeting with the Councilman, Mayor, and City Prosecutors, Defendants MIDLAND, SETH HERMAN, and KYLE SULLIVAN "turned up the heat" on WILSON, retaliating against him for his efforts to report the illegal and unethical activity occurring at the Midland Police Department, ultimately resulting in his separation from the Midland Police Department.

## VI.     CAUSES OF ACTION

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983 DISCRIMINATORY CUSTOM CLAIM AGAINST MIDLAND/MPD

37.     LEE and WILSON re-allege every factual allegation as stated in paragraphs 1-36 of this complaint.

38.     The discriminatory acts of which LEE and WILSON complain, including those incidents and conduct described in the Factual Allegations above, were performed pursuant to a larger custom, policy or practice of discrimination maintained by Defendant in violation of 42 U.S.C.A. §1983.

39.     At all times relevant, Defendant MIDLAND maintained a widespread custom, policy, or practice of race discrimination, and harassment based on race, inter alia, that is so permanent and well settled as to constitute a "custom or usage" with the force or effect of law.

40.     This discriminatory custom, policy or practice referred to in the above paragraph was a proximate cause of Plaintiffs' injuries.

41.     Defendant had a custom, policy or practice of condoning or tacitly authorizing discrimination on the basis of race by supervisors and officers against employees who were of African American descent, including Plaintiffs.

42.     Furthermore, Defendant was aware of the discriminatory acts of which Plaintiff complains, but acted with deliberate indifference to the conduct and did nothing about it.

43.     Defendant MIDLAND/MPD knew or should have known of the discriminatory conduct because plaintiff complained to superior officers who had an obligation to advise Defendant of such conduct.

44.     Defendant MIDLAND/MPD, through the actions of their agents or employees, disregarded the requirements to conduct a genuine investigation and remedy claims of discrimination.

45.     Moreover, LEE and WILSON, through their commanding officers, filed formal complaints with the Defendant MIDLAND/MPD alleging that his supervisors and co-workers identified above had created a hostile work environment and committed discriminatory conduct against LEE and WILSON because of their race.

46.     Because of the filing of a formal complaint, Defendant MIDLAND/MPD were required to conduct and Internal Administrative Investigation to determine if any of the allegations was accurate.

47.     However, Defendant MIDLAND/MPD, at the direction of HERMAN and SULLIVAN, conducted sham investigations or ignored Plaintiffs' complaints thus evidencing systemic prejudice and discrimination in the Defendant MIDLAND/MPD's police force and administrative offices.

48.     Defendant MIDLAND's custom, policy or practice of ignoring and/or rejecting complaints of discrimination on the basis of race was a proximate cause of Plaintiffs' injuries.

49.     Defendant had a custom, policy or practice of failing to properly train employees in matters of race and diversity training.

50.     Defendant's custom, policy or practice of failing to properly train its employees was a proximate cause of Plaintiff's injuries.

51.     Defendant had a custom, policy or practice of treating employees who are of African American descent differently from employees who are not of African American descent.

52.     For example, Plaintiffs were subjected to numerous offensive, inappropriate and derogatory remarks, jokes and name-calling while Caucasian employees were not.

53.     Plaintiffs' complaints of harassment and discrimination were disregarded or ignored while the complaints made by employees who were not African American descent were not disregarded or ignored

54.     The rules were applied more harshly to employees who were African American descent than they were to employees who were not African American descent.

55.     Employees who were African American descent were subjected to greater scrutiny than were employees who were not African American descent.

56.     Employees who were African American descent were held to a different standard than those employees who were not African American descent.

57.     Employees who were African American descent were scored more harshly on their evaluations than employees who were not African American descent.

58.     Employees who were African American descent were criticized more harshly on their evaluations than employees who were not African American descent.

59.     Employees who were African American descent were not afforded the same terms, conditions and privileges of employment as were employees who were not African American.

60.     Additionally, employees who were African American descent were treated less favorably than employees who were not African American descent.

61.     Defendant's custom, policy or practice of treating employees who were African American descent differently from employees who were not African American descent was the proximate cause of Plaintiff's injuries.

62.     Furthermore, Plaintiffs' constitutional injuries were caused by Defendant MIDLAND who is a final policy maker under 42 U.S.C.A. § 1983 with respect to certain terms and conditions of Plaintiff's job.

63.     At all times material to this action, Defendant MIDLAND's employees exhibiting discriminatory conduct towards Plaintiffs were all in a position that possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant MIDLAND/MPD . The actions, failure to act and language of Defendant was so severe and pervasive as to alter the terms, conditions and/or privileges of their employment with the Defendant MIDLAND/MPD, and thereby created a hostile work environment.

64.     WILSON would have received a pay raise and an assignment as a Police Officer but for the discriminatory conduct of the Defendant MIDLAND/MPD.

65.     The discrimination was based upon WILSON's race, in that but for the fact that WILSON is of African American origin, he would not have been the object of discrimination.

66.     As a result of the actions and failure to act when a non-discriminatory employer would act, of the Defendant, as alleged herein, WILSON has been the victim of negative employment actions and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

67.     Both Plaintiffs, by being subjected to this hostile and offensive work environment created by the Defendant MIDLAND/MPD and ignored by management were unreasonably affected in a term, condition, or privilege of employment under applicable law in that their psychological well- being was seriously affected when the work place became hostile.

68.     The conduct of the Defendant MIDLAND/MPD, by and through the conduct of its agents, employees, and/or representatives, and the Defendant MIDLAND/MPD 's failure to

make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of their statutory right under federal law.

69.     The actions of the Defendant MIDLAND/MPD, HERMAN, SULLIVAN, and/or their agents were willful, wanton, and intentional and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant MIDLAND/MPD for their actions and to deter them, and others, from such action in the future.

70.     Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant MIDLAND/MPD's discriminatory practices unless and until this Court grants relief.

## COUNT II
## VIOLATION OF TITLE VII DISCRIMINATION BASED ON RACE AGAINST MIDLAND/MPD

71.     Plaintiffs re-allege every factual allegation as stated in paragraphs 1-70 of this complaint. Plaintiffs are members of a protected class, African American descent. Plaintiffs have been employed by Defendant, MIDLAND/MPD, since receiving their first offers of employment.

72.     During the course of Plaintiffs' employment with Defendant MIDLAND, Plaintiffs have been subjected to a discriminatory, hostile and offensive work environment because of their race, as more fully described in the Factual Allegations and in Count I of this Complaint.

73.     The environment referred to in the above paragraph of this Complaint included, but was not limited to: adverse disciplinary action initiated against them to which other non-minority officers were not subjected, being held to a higher standard than non-minority officers and

subjected to harsher working conditions than non-minority officers, and being subjected to negative, defamatory and injuries comments, such as Chief SETH HERMAN's deliberate and dramatic cutting of DEMETRIUS LEE's badge upon the termination of his employment and posting it as a boast for all to see that he "had gotten" LEE.

74.    Defendant MIDLAND/MPD  allowing Lt Sullivan to fabricate alleged evidence of misconduct in an effort to have Plaintiffs ultimately decertified as law enforcement officers. In addition to the above:

75.    Plaintiff WILSON was denied a position as a Police Officer when employees who were not African American were offered the position;

76.    The complaints of harassment and discrimination made by Plaintiffs were disregarded or ignored while the complaints made by employees who were not African American descent were not disregarded or ignored.

77.    The rules were applied more harshly to Plaintiffs than they were to employees who were not African American descent.

78.    Plaintiffs were subjected to greater scrutiny than were employees who were not African American descent.

79.    Plaintiffs were held to a different standard than those employees who were not African American descent.

80.    Plaintiffs were scored more harshly on their evaluations than employees who were not of African American descent.

81.    Plaintiffs were criticized more harshly on their evaluations than employees who were not of African American descent.

82.     Plaintiffs were not afforded the same terms, conditions and privileges of employment as were employees who were not African American descent.

83.     Additionally, Plaintiffs were treated less favorably than employees who were not African American descent.

84.     Plaintiff were subjected to the conduct referred to in this Complaint because Plaintiffs are of African American descent.

85.     Similarly situated employees who were not of African American descent were not subjected to the conduct referred to in this Complaint.

86.     Much of the conduct referred to in this Complaint was done in the presence of officers, superior officers, citizens and arrestees.

87.     As a result of the offensive, derogatory, and discriminatory comments, particularly in the presence of other officers and civilians, Plaintiffs' authority as police officer and traffic enforcement officer, respectively, were undermined which interfered with Plaintiffs' ability to perform their job and jeopardized their safety.

88.     Despite Plaintiffs' formal complaints to Defendant MIDLAND/MPD through their commanding officers, the Defendant MIDLAND/MPD failed and refused to take any action to correct the offensive and discriminatory conduct.

89.     The discriminatory acts and environment described in this Complaint were otherwise known by Defendant MIDLAND/MPD.

90.     Despite Plaintiffs' complaints referred to in this Complaint, Defendant took no appropriate remedial action.

91.     Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees of African American descent.

As a direct and proximate result of the foregoing, Plaintiffs have suffered embarrassment, humiliation, emotional distress, and other forms of damage.

92.     Plaintiffs have suffered damages of an on-going and continuous nature.


### COUNT III VIOLATION OF TITLE VII RETALIATION BY DEFENDANT

106.     Plaintiffs re-alleges every factual allegation as stated in paragraph 1-92 of this complaint.

107.     Title VII, 42 U.S.C.A. § 2000e-3(a), prohibits covered employers from taking reprisal against an employee for complaining about practices which the employee reasonably and in good faith believes are discriminatory.

108.     Plaintiffs, consistently during their employment, opposed employment practices which they reasonably believed were discriminatory.

109.     Defendant, MIDLAND/MPD, by and through its supervisory employees, HERMAN and SULLIVAN retaliated against Plaintiffs because of this opposition by scoring their evaluations more harshly, denying them promotions and other positions after they complained of these and other discriminatory conduct.

110.     By taking these and other actions against them, MIDLAND/MPD, HERMAN and SULLIVAN committed unlawful reprisal against Plaintiffs in violation of Title VII, 42 U.S.C.A. § 2000e-3(a).

111.     MIDLAND/MPD's HERMAN's and SULLIVAN's wrongful and malicious actions as alleged in the preceding paragraphs caused Plaintiffs considerable financial injury and great mental distress and were done with reckless indifference to Plaintiffs' constitutional right to oppose discriminatory practices.

## COUNT IV
## VIOLATION OF TEXAS COMMISSION ON HUMAN RIGHTS ACT
## DISCRIMINATION BASED ON RACE

115.    Plaintiffs re-allege every factual allegation as stated in paragraphs 1-98 of this

complaint.

116.    At all times material to this action, Defendants conducted unlawful employment

practices against Plaintiffs by discriminating against them and by allowing their employees to

discriminate against them on the basis of Plaintiffs being individuals of African American race.

117.    At all relevant times mentioned in this Complaint, including the discriminatory

conduct of the Defendant's administration and employees, Defendants MIDLAND/MPD,

HERMAN and SULLIVAN were aware that Plaintiffs are and were African American

individuals.

102.    At the time Defendants MIDLAND/MPD, HERMAN and SULLIVAN took

negative employment action against Plaintiffs, Plaintiffs did perform and excel at the

performance of the essential functions of their positions.

103.    Plaintiffs were qualified for the position held with the Defendant

MIDLAND/MPD.

104.    Plaintiffs were denied pay raises and additional appointments or positions and

treated differently from other employees by their supervisors working for Defendant

MIDLAND/MPD on the basis of race.

105.    The negative employment actions of Defendant MIDLAND/MPD, HERMAN and

SULLIVAN against Plaintiffs and other acts were directly and proximately caused by the

Defendant's unjustified discrimination against Plaintiffs because of their race while working for Defendant MIDLAND/MPD, violated §22.001, et seq., TEXAS LABOR CODE.

112.    As a direct and proximate result of the Defendant MIDLAND/MPD's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

113.    Any alleged nondiscriminatory reason for this treatment of Plaintiffs asserted by Defendant is a mere pretext for the actual reason for the Defendant's negative employment actions, their race.

114.    The Defendant MIDLAND/MPD's actions were malicious and were recklessly indifferent to PLAINITFFS's rights pursuant to Texas Law protecting a person from discrimination because of race, color, religion, sex, race, age, handicap, or marital status.

118.    The aforementioned actions of Defendant MIDLAND/MPD, HERMAN and SULLIVAN were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## COUNT V
## VIOLATION OF TEXAS HUMAN RIGHTS COMMISSION ACT - RETALIATION BY DEFENDANTS

119.    Plaintiffs re-allege every factual allegation as stated in paragraphs 1-118 of this complaint.

120.    The Texas Labor Code prohibits covered employers from taking reprisal against an employee for complaining about practices which the employee reasonably and in good faith believes are discriminatory.

121.    Plaintiffs, consistently during their employment, opposed employment practices which they reasonably believed were discriminatory.

122.     Defendant, MIDLAND/MPD, HERMAN and SULLIVAN by and through its supervisory employees, retaliated against Plaintiffs because of this opposition by scoring their evaluations more harshly, denying them training based upon their performance reviews, denying them promotions and additional positions, and initiating unfounded internal affairs complaints against them after they complained of these and other discriminatory conduct.

123.     By taking these and other actions against him, MIDLAND/MPD, HERMAN and SULLIVAN committed unlawful reprisal against Plaintiffs in violation of the Texas Labor Code.

124.     MIDLAND/MPD's, HERMAN's and SULLIVAN's wrongful and malicious actions as alleged in the preceding paragraphs caused Plaintiffs considerable financial injury and great mental distress and were done with reckless indifference to Plaintiffs' constitutional right to oppose discriminatory practices.

## COUNT VI
## DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

125.     Plaintiffs re-allege every factual allegation as stated in paragraphs 1-124 of this complaint.

126.     Plaintiffs are entitled to equal protection of the laws of the United States and the State of Texas under the Fourteenth Amendment of the United States Constitution, and due process law under the Fifth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment. Plaintiffs are also entitled to freedom of speech under the First Amendment to the United States Constitution.

127.     Defendants MIDLAND, and SETH HERMAN and KYLE SULLIVAN, acting under color of state law, discriminated against Plaintiffs on the basis of their race, and by failing

to prevent or ameliorate the hostile conditions that they had actual knowledge of, which led to the

harassment and retaliation toward Plaintiffs, and deprived them of their right to equal protection.

128.    Further, HERMAN and SULLIVAN personally imposed a hostile work

environment on Plaintiffs in which they ultimately suffered the loss of their employment, and

adverse employment actions against them, refusal of opportunities to advance, and hostile

treatment.

129.    Plaintiffs, as citizens of the United States and as MIDLAND employees, were

entitled to due process protection of freedom from arbitrary action that jeopardized their property

interest in their public employee jobs, and thus they should not have been arbitrarily subjected to

the fear of losing their jobs for speaking out. HERMAN and SULLIVAN's actions deprived

Plaintiffs of their due process liberty interest guaranteed to them by the United States

Constitution.

130.    Plaintiffs, as citizens of the United States and as MIDLAND employees, further

were guaranteed freedom of speech by the First Amendment to the United States Constitution,

made applicable to the States through the Fourteenth Amendment. By subjecting the Plaintiffs to

retaliation and punishment for reporting of the discriminatory and unethical conditions at the

Midland Police Department, Defendants punished Plaintiffs for activity that is absolutely

protected under the First Amendment.

131.    The above-described actions of HERMAN and SULLIVAN were undertaken

while they were acting under color of state law.

## COUNT VII
## CONSPIRACY TO DEPRIVE PERSONS OF CONSTITUTIONAL RIGHTS

132.    Plaintiffs re-allege every factual allegation as stated in paragraphs 1-131 of this complaint.

133.    Defendants HERMAN and SULLIVAN conspired together and with others, currently unknown to Plaintiffs, to deprive Plaintiffs of equal protection of the laws and of equal privileges and immunities of the laws of the United States and the State of Texas, as set forth above.

134.    The conspirators committed some acts in furtherance of the conspiracy, which included actively initiating Internal Affairs complaints against the Plaintiffs, as well as by engaging in a pattern and course of conduct to intimidate the Plaintiffs and other witnesses within the department.

135.    Further, upon information and belief, Plaintiffs would show that HERMAN and SULLIVAN actively initiated a campaign designed to eliminate Plaintiffs from employment with MIDLAND, in retaliation and punishment for their speaking out on the illegal activity occurring within the department. Such campaign included attempting to isolate Plaintiffs from associating with others, initiating unwarranted investigations against them, and, eventually, termination of Plaintiff LEE's employment with the Department.

136.    As a result of this conspiracy, Plaintiffs were injured by the Defendants and were deprived of having and exercising her Constitutional Rights, as more fully set forth herein.

## COUNT VIII
## FIRST AMENDMENT RETALIATION

137.    Plaintiffs re-allege every factual allegation as stated in paragraphs 1-136 of this complaint.

138.    As discussed above, Plaintiffs allege that Defendants, MIDLAND, HERMAN and SULLIVAN violated Plaintiffs right to free speech guaranteed by the First Amendment to the United States Constitution.

139.    Plaintiffs (1) made reports of unlawful and discriminatory action on the part of the Defendants, and (2) were disciplined and subject to retaliatory treatment for making the report though performing their duties in a professional manner and following Defendants' policies and procedures.

140.    The adverse employment actions against Plaintiffs were conducted under color of state law, ordinance, regulation and custom or usage.  Further, Defendants HERMAN and SULLIVAN approved and/or failed to stop the adverse employment act(s), failed to correct the adverse employment acts and/or condoned and ratified the adverse employment act(s).

## VII.    PRAYER FOR RELIEF

141.    For the reasons stated above, Plaintiffs individually ask for judgment against Defendants for the following:

a.    Actual damages in an amount to be proved at trial;

b.    Exemplary Damages against HERMAN and SULLIVAN in their individual capacity, as determined by the jury;

c.    Enjoin Defendant from discriminating, harassing, and retaliating against Plaintiffs and any other similarly situated employee;

d.    Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages;

e.    Award Plaintiffs prejudgment and postjudgment interest;

f.    Award Plaintiffs costs of suit, including attorneys fees; and

g.    All other, further, and different relief as this Court deems just and proper.

DATED this 26th day of January, 2020.

Respectfully submitted,


By:      */s/ Robert S. Hogan*
         Robert S. Hogan
         State Bar No. 00796767
         HOGAN LAW FIRM, PC
         1210 Avenue R
         P.O. Box 2277
         Lubbock, TX 79401
         Telephone: (806) 771-7900
         Facsimile: (806) 771-7925
         email: rob@hoganlaw.com



Demetrius Lee
1504 Edwards St
Midland, TX 79701

# NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Demetrius Lee v. MIDLAND POLICE DEPARTMENT

| TWCCRD Charge No. | EEOC Charge No. | TWCCRD Representative: |
|---|---|---|
| 1A19561 | 31C-2019-00390 | Myron J. Lewis |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]     The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]     Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]     The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]     We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]     Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]     While reasonable efforts were made to locate you, we were not able to do so.

[ ]     You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]     The TWCCRD issues the following determination:  Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]     **Other (briefly explain) Notice of Right to File Civil Action**

Plaintiffs' Exhibit

**A**

101 E. 15th Street, Room: Guadalupe CRD • Austin, Texas 78778-0001• Austin, Texas 78701 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org

Equal Opportunity Employer / Program

**Demetrius Lee v. MIDLAND POLICE DEPARTMENT**
**TWCCRD Charge No: 1A19561**
**EEOC Charge No. 31C-2019-00390**

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 20

On behalf of the Division

Bryan Snoddy
Division Director

10.7.2019
Date

Robert S. Hogan
HOGAN LAW FIRM, P.C.
P.O. Box 2277
Lubbock, TX 79408

Mindy Hamm
COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
500 W. Illinois, Ste. 300
Midland, TX 79701

**From: Catalan Lopez,Wendy** wendy.catalan@twc.state.tx.us  📎
**Subject:** RE: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546
**Date:** October 28, 2019 at 4:45 PM
**To:** rob@hoganlaw.com
**Cc:** Lewis,Myron  myron.lewis@twc.state.tx.us

WC

Mr. Hogan,

We are currently experiencing backlog, so I apologize for the delay in mailing. Attached please find the Right to Sue letters for your clients. You may use today as the date of receipt.

Thanks,

Wendy Catalan
Administrative Assistant IV
Civil Rights Division
Texas Workforce Commission
Phone:  (512) 463-4475

**From:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Sent:** Monday, October 28, 2019 10:45 AM
**To:** Catalan Lopez,Wendy <wendy.catalan@twc.state.tx.us>
**Subject:** FW: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Wilson, Robbie  1A19543
Lee, Demetrius 1A19561

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

**From:** Robert S. Hogan <rob@hoganlaw.com>
**Sent:** Friday, October 25, 2019 9:49 PM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Yes, they have not arrived

**Robert S. Hogan**
Attorney

**HOGAN LAW FIRM, PC**
Licensed in TX, NM & CO
1210 Avenue R | Lubbock, TX 79401
Mailing Address: P.O. Box 2277 (79408)
Tel (806) 771-7900 | Fax (806) 771-7925
Toll Free (877) 771-8472

website | vCard | map | email

Life Member
THE MILLION DOLLAR ADVOCATES FORUM®
THE MULTI-MILLION DOLLAR ADVOCATES FORUM®
The Top Trial Lawyers In America®

Robert S. Hogan is an attorney licensed in Texas, New Mexico, & Colorado. This communication and any attachments to it are confidential and intended solely for the use of the person(s) to whom they are addressed. This e-mail transmission may contain confidential information that is legally privileged. If you have received this e-mail in error, please notify us by telephone immediately at 806.771.7900, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Unless expressly stated to the contrary, nothing in this email message may be construed as a digital or electronic signature of any employee of the Hogan Law Firm. The Hogan Law Firm automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to the Hogan Law Firm should be considered received only if confirmed by a return receipt. Please be advised that an attorney-client relationship cannot be created between any prospective client and the Hogan Law Firm without a signed attorney employment contract.

On Oct 25, 2019, at 8:17 PM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

You should have them by now. Reach out to me on Monday morning if you haven't received them. I will send you a

You should have them by now. Reach out to me on Monday morning if you haven't received them. I will send you a scanned copy. I apologize in advance, I will check with my admin section to find the answer for this issue.

**From:** Robert S. Hogan <rob@hoganlaw.com>
**Sent:** Friday, October 25, 2019 3:43:09 PM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Dear Mr. Lewis,

I never have received the Notice of Right to Sue letters on Robb Wilson or on Demetrius Lee. Please advise as to the status of these letters, and when we should expect them.

Thank you,

Rob Hogan


On Sep 18, 2019, at 10:04 AM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

Mr. Hogan,

I received both documents and these will work just fine. I will get on the admin portion tomorrow. The Right to Sue documents should hit your mailbox next week. Thanks.

Just as a note, remember that the investigation continues until the request gets to our office. Without that document and the investigation continuing, you run the risk of the investigator completing the investigation and recommending "No Cause" which could damage your efforts as the Complainant's Attorney. Hope this clarifies any misconceptions. Thanks again.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

**From:** Robert Hogan <rob@hoganlaw.com>
**Sent:** Wednesday, September 18, 2019 9:47 AM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546
**Importance:** High

**CAUTION:** Email not from TWC System. Use care when clicking links and opening attachments.

Dear Mr. Lewis,

Attached is the Request for Right to Sue Letter. Please advise if you need anything further from me.

Thanks,

Rob Hogan

**Robert S. Hogan**
Attorney
<image001.jpg>
**HOGAN LAW FIRM, PC**
Licensed in TX, NM & CO
1210 Avenue R  | Lubbock, TX 79401
Mailing Address: P.O. Box 2277 (79408)
Tel (806) 771-7900 | Fax (806) 771-7925
Toll Free (877) 771-8472

**website** | **vCard** | **map** | **email** <image002.jpg><image002.jpg><image002.jpg><image002.jpg><image002.jpg>
<image003.jpg><image003.jpg><image004.jpg>

Life Member
**THE MILLION DOLLAR ADVOCATES FORUM®**
**THE MULTI-MILLION DOLLAR ADVOCATES FORUM®**
The Top Trial Lawyers In America®

Robert S. Hogan is an attorney licensed in Texas, New Mexico, & Colorado. This communication and any attachments to it are confidential and intended solely for the use of the person(s) to whom they are addressed. This e-mail transmission may contain confidential information that is legally privileged. If you have received this e-mail in error, please notify us by telephone immediately at 806.771.7900, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Unless expressly stated to the contrary, nothing in this email message may be construed as a digital or electronic signature of any employee of the Hogan Law Firm. The Hogan Law Firm automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to the Hogan Law Firm

should be considered received only if confirmed by a return receipt. Please be advised that an attorney-client relationship cannot be created between any prospective client and the Hogan Law Firm without a signed attorney employment contract.

On Sep 10, 2019, at 7:07 AM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

Mr. Hogan, just a reminder. I need the Request for Right to Sue on Lee and Wilson.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

---

**From:** Lewis,Myron
**Sent:** Wednesday, September 4, 2019 10:28 AM
**To:** rob@hoganlaw.com
**Subject:** RE: Lee v Midland Police Department TWCCRD 1A19561 EEOC 31C-2019-00390

Mr. Hogan,

Here are the 180 day letters for Wilson. Mr. Lee already received his via certified mail, but if you need a copy of it let me know and I will forward you a copy.  As soon as I receive your Right to Sue request I will close out the investigation on this side so you can have control of the case.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

"Tell Me, I Will Forget"
   "Show Me, I Might Remember"
      "Involve Me, I Will Understand"

---

**From:** Lewis,Myron
**Sent:** Wednesday, August 28, 2019 5:24 PM
**To:** rob@hoganlaw.com
**Subject:** Lee v Midland Police Department TWCCRD 1A19561 EEOC 31C-2019-00390
**Importance:** High

Good Morning Mr. Hogan,

My name is Myron Lewis and I would like to introduce myself to you as the assigned Investigator for the case with Lee v Midland Police Department. If you need to contact me in reference to this case my information is provided for your convenience. Please send me an email or give me a call to verify receipt of this email, I will be contacting you soon to schedule an interview. Thank you for your time and **please reply to this email for all future email contact**. My hours of availability are Mon – Thurs 7:00am to 5:00pm please call if you have questions or need information about your case.

I have sent your client the 180 day letter that explains the Right to Sue from Civil Rights Division. If you would like to proceed on your ability to exercise the Right to Sue just send me an email on your email account with your contact information requesting it and I will process the action quickly. Thanks for your time and I look forward to hearing from you.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

"Tell Me, I Will Forget"
   "Show Me, I Might Remember"
      "Involve Me, I Will Understand"



Robbie D.
Wilson.pdf

Demetrius
Lee.pdf

Robbie D. Wilson
4400 North Holiday Hill Road
Midland, TX 79707

# NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

## Robbie D. Wilson v. MIDLAND POLICE DEPARTMENT

| TWCCRD Charge No.<br>1A19543 | EEOC Charge No.<br>31C-2019-00546 | TWCCRD Representative:<br>Myron J. Lewis |
|---|---|---|

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]   The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]   The TWCCRD issues the following determination:  Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   Other (briefly explain) **Notice of Right to File Civil Action**

Plaintiffs' Exhibit

**B**

101 E. 15th Street, Room: Guadalupe CRD • Austin, Texas 78778-0001 • Austin, Texas 78701 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org

Equal Opportunity Employer / Program

Robbie D. Wilson v. MIDLAND POLICE DEPARTMENT
TWCCRD Charge No: 1A19543
EEOC Charge No. 31C-2019-00546

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 20

On behalf of the Division

Bryan Snoddy
Division Director

10·4·2019
Date

Robert S. Hogan
HOGAN LAW FIRM
P.O. Box 2277
Lubbock, TX 79408

Mindy Hamm
COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
500 W. Illinois, Suite 300
Midland, TX 79701

From: **Catalan Lopez,Wendy** wendy.catalan@twc.state.tx.us 📎
Subject: RE: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546
Date: October 28, 2019 at 4:45 PM
To: rob@hoganlaw.com
Cc: Lewis,Myron myron.lewis@twc.state.tx.us



Mr. Hogan,

We are currently experiencing backlog, so I apologize for the delay in mailing. Attached please find the Right to Sue letters for your clients. You may use today as the date of receipt.

Thanks,

Wendy Catalan
Administrative Assistant IV
Civil Rights Division
Texas Workforce Commission
Phone:  (512) 463-4475

---

**From:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Sent:** Monday, October 28, 2019 10:45 AM
**To:** Catalan Lopez,Wendy <wendy.catalan@twc.state.tx.us>
**Subject:** FW: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Wilson, Robbie  1A19543
Lee, Demetrius 1A19561

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

**From:** Robert S. Hogan <rob@hoganlaw.com>
**Sent:** Friday, October 25, 2019 9:49 PM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Yes, they have not arrived

**Robert S. Hogan**
Attorney

**HOGAN LAW FIRM, PC**
Licensed in TX, NM & CO
1210 Avenue R | Lubbock, TX 79401
Mailing Address: P.O. Box 2277 (79408)
Tel (806) 771-7900 | Fax (806) 771-7925
Toll Free (877) 771-8472

website | vCard | map | email

Life Member
**THE MILLION DOLLAR ADVOCATES FORUM®**
**THE MULTI-MILLION DOLLAR ADVOCATES FORUM®**
The Top Trial Lawyers In America®

Robert S. Hogan is an attorney licensed in Texas, New Mexico, & Colorado. This communication and any attachments to it are confidential and intended solely for the use of the person(s) to whom they are addressed. This e-mail transmission may contain confidential information that is legally privileged. If you have received this e-mail in error, please notify us by telephone immediately at 806.771.7900, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Unless expressly stated to the contrary, nothing in this email message may be construed as a digital or electronic signature of any employee of the Hogan Law Firm. The Hogan Law Firm automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to the Hogan Law Firm should be considered received only if confirmed by a return receipt. Please be advised that an attorney-client relationship cannot be created between any prospective client and the Hogan Law Firm without a signed attorney employment contract.

On Oct 25, 2019, at 8:17 PM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

You should have them by now. Reach out to me on Monday morning if you haven't received them. I will send you a

You should have them by now. Reach out to me on Monday morning if you haven't received them. I will send you a scanned copy. I apologize in advance, I will check with my admin section to find the answer for this issue.

**From:** Robert S. Hogan <rob@hoganlaw.com>
**Sent:** Friday, October 25, 2019 3:43:09 PM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546

Dear Mr. Lewis,

I never have received the Notice of Right to Sue letters on Robb Wilson or on Demetrius Lee. Please advise as to the status of these letters, and when we should expect them.

Thank you,

Rob Hogan


On Sep 18, 2019, at 10:04 AM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

Mr. Hogan,

I received both documents and these will work just fine. I will get on the admin portion tomorrow. The Right to Sue documents should hit your mailbox next week. Thanks.

Just as a note, remember that the investigation continues until the request gets to our office. Without that document and the investigation continuing, you run the risk of the investigator completing the investigation and recommending "No Cause" which could damage your efforts as the Complainant's Attorney. Hope this clarifies any misconceptions. Thanks again.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

**From:** Robert Hogan <rob@hoganlaw.com>
**Sent:** Wednesday, September 18, 2019 9:47 AM
**To:** Lewis,Myron <myron.lewis@twc.state.tx.us>
**Subject:** Re: Wilson v Midland Police Department TWCCRD #: 1A19543 EEOC #: 31C-2019-00546
**Importance:** High

**CAUTION:** Email not from TWC System. Use care when clicking links and opening attachments.

Dear Mr. Lewis,

Attached is the Request for Right to Sue Letter. Please advise if you need anything further from me.

Thanks,

Rob Hogan

**Robert S. Hogan**
Attorney
<image001.jpg>
**HOGAN LAW FIRM, PC**
Licensed in TX, NM & CO
1210 Avenue R  | Lubbock, TX 79401
Mailing Address: P.O. Box 2277 (79408)
Tel (806) 771-7900 | Fax (806) 771-7925
Toll Free (877) 771-8472

**website** | vCard | map | email <image002.jpg><image002.jpg><image002.jpg><image002.jpg><image002.jpg>
<image003.jpg><image003.jpg><image004.jpg>

Life Member
**THE MILLION DOLLAR ADVOCATES FORUM®**
**THE MULTI-MILLION DOLLAR ADVOCATES FORUM®**
The Top Trial Lawyers In America®

Robert S. Hogan is an attorney licensed in Texas, New Mexico, & Colorado. This communication and any attachments to it are confidential and intended solely for the use of the person(s) to whom they are addressed. This e-mail transmission may contain confidential information that is legally privileged. If you have received this e-mail in error, please notify us by telephone immediately at 806.771.7900, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Unless expressly stated to the contrary, nothing in this email message may be construed as a digital or electronic signature of any employee of the Hogan Law Firm. The Hogan Law Firm automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to the Hogan Law Firm

should be considered received only if confirmed by a return receipt. Please be advised that an attorney-client relationship cannot be created between any prospective client and the Hogan Law Firm without a signed attorney employment contract.

On Sep 10, 2019, at 7:07 AM, Lewis,Myron <myron.lewis@twc.state.tx.us> wrote:

Mr. Hogan, just a reminder. I need the Request for Right to Sue on Lee and Wilson.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

---

**From:** Lewis,Myron
**Sent:** Wednesday, September 4, 2019 10:28 AM
**To:** rob@hoganlaw.com
**Subject:** RE: Lee v Midland Police Department TWCCRD 1A19561 EEOC 31C-2019-00390

Mr. Hogan,

Here are the 180 day letters for Wilson. Mr. Lee already received his via certified mail, but if you need a copy of it let me know and I will forward you a copy.  As soon as I receive your Right to Sue request I will close out the investigation on this side so you can have control of the case.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

"Tell Me, I Will Forget"
    "Show Me, I Might Remember"
        "Involve Me, I Will Understand"

---

**From:** Lewis,Myron
**Sent:** Wednesday, August 28, 2019 5:24 PM
**To:** rob@hoganlaw.com
**Subject:** Lee v Midland Police Department TWCCRD 1A19561 EEOC 31C-2019-00390
**Importance:** High

Good Morning Mr. Hogan,

My name is Myron Lewis and I would like to introduce myself to you as the assigned Investigator for the case with Lee v Midland Police Department. If you need to contact me in reference to this case my information is provided for your convenience. Please send me an email or give me a call to verify receipt of this email, I will be contacting you soon to schedule an interview. Thank you for your time and **please reply to this email for all future email contact**. My hours of availability are Mon – Thurs 7:00am to 5:00pm please call if you have questions or need information about your case.

I have sent your client the 180 day letter that explains the Right to Sue from Civil Rights Division. If you would like to proceed on your ability to exercise the Right to Sue just send me an email on your email account with your contact information requesting it and I will process the action quickly. Thanks for your time and I look forward to hearing from you.

Respectfully,

Myron J. Lewis
Investigator, Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Guadalupe/CRD
Austin, TX 78778
Email: myron.lewis@twc.state.tx.us
Office: (512) 463-6016 Fax: (512) 482-8465

"Tell Me, I Will Forget"
    "Show Me, I Might Remember"
        "Involve Me, I Will Understand"

PDF    PDF



Robbie D.
Wilson.pdf      Demetrius
                Lee.pdf